## MOTION AND MEMORANDUM IN SUPPORT OF
## 28 U.S.C 2255 PETITION AND FOR AN
## EVIEDNTIARY HEARING

Petitioner moves the court to grant her 2255 Petition , If necessary and evidentirary hearing on the basis that her Sixth Amedment righ to counsel was violated. Petitioner request that the court accept her petition and grant her an evidentiary hearing on the factual issues raised in her 2255 motion in the event. that an evidentiary hearing is deemed unnecessary by the court. Petitioner based upon the law and evidence presented in her memorandum request that her quilty plea be se aside.

### I

### STATURORY LIMITATIONS

Petitioner motion is in excess of the statutory period in which to petitioner for a Section 2255 Petition due to her inability to understand the law of the United States. Petitioner sign the plea agreement not knowing the consequences of her signign the plea.

Petitioner requested Counsel to file her appeal after her sentence impose and counsel did nt file the appeal as per him here was nothing to appeal this deprived petitioner of her constitutional rights.

AMERICA SALOMON
FEDERAL CORRECTIONAL INSTITUTION
5701 8th ST CAMP PARKS
DUBLIN, CA. 94568

IN THE UNITED STATES OF AMERICA
FOR THE DISTRICT COURT OF HAWAII

UNITED STATES OF AMERICA )
    Respondent )
 )
v. )  CRIMINAL CASE # 05-00220
 )
AMERICA SALOMON )
    Petitioner )
 )
 )

    **COMES NOW PETITIONER  SALOMON PEREZ**   Pro Se requesting this Honorable Court to accept this motion and give petitioner the opportunity to be heard and allow the truth to comforward.  As a party to the contract Petitioner cannot be assumed to have knowledge or be familiar with federal procedure or the legal basis which may justify relief.  Petitioner is also unfamiliar with the complicated rules of pleading, and the high standards of the legal art required for obtaining judicial relief as the Supreme Court noted in Haley v. Estrelle , 632 F.2d 1273.  The Supreme Court stated "if a prisoner is unaware fo the legal significance of relevant facts, it would be unreasonable to prohibit his/her attempts for judicial relief. Price v Johnston  334 U.S. at 291, 68 S Cr 1063, "Prisoners are often unlearned in the law and unfamiliar with the compli-cated rules of pleading, since they ( Prisoners) are so often acting as their own counsel in proceedings, we cannot impose on them the same

high standards of the legal art which we might place on members of the legal profession." Although petitioner was represented by counsel at the negotiation and execution of the binding proffer and plea contracts, at no time did petitioner understand that plaintiff could breach the agreement at will by imposing standards with a retroactive and prejudicial effect on Petitioner's fundamental understanding of the tenets of a binding contract.

Petitoner was never in agree with the sentence impose and when she sign the ple agreement she ask her counsel to explain to her the plea but counsel was so ineffective that never explain to petitioner the consequences of her signign the plea agreement and all this deprived petitioner of her <u>Constitutional Rights.</u>

Petitioner did not agree with the plea agreement she was induce by her counsel to sign the plea agreement not knowign the consequences. Counsel did not disclose to petitioner that by signing the plea contract she was certain to be sentenced to additional years by the Probation Officer who authored the PSR adhesion contract with unlawful sentence

Due process of law requires that a defendant's reasonable expectations of benefit form a ple agreement be respected, and that she not be held to an unconscionable agreement abasent proof that his consent to the risk of harm resulting from the agreement was fully informed, a majority of the U.S. Court of Appeals for the Sixth Circuit in United States v Randolph .

In a very similar circumstances of <u>Randolph</u> Judge James L Ryan's majority opinion for Sith circuit acknowledged that plea agreements are contracts are to be interpreted and enforced using principles of contract law. The majority continued <u>"Santobello v New York</u>

**FACTS**

On May 20, 2005 in the Hawaii Airport Task Force (HATF) received infomation that two females may be traveling to Hawaii and carrying "ice" (methamphemine).

Petitioner was sentence On May 8, 2006 by Judge Seabright in the District Court of Hawaii, from beginning to end petitioner feel that not knowing the law of the United States petitioner was deprived of her Constitutional rights, petitioner is a Mexican Citizen she doesn't read, writte , Understand English from Beginning to end petitioner was deprived of her Constitutional Right,

Counsel for Petitioner requested to sign the plea agreement not knowing the consequences petitioner was deprived of her constitutional rights, after, her sentence petitioner requested counsel to file her appeal but counsel was so ineffective that he never did and once again this deprived petitioner of her constitutional rights, Petitioner was sentence to 36 months, and feel that this is an unjust sentence why she got 36 months and her counsin recieved only 21 months, this is 15 months for the same conviction and the same drugs as her cousin, petitioner did not agree with this and request counsel to rebutle this and counsel once again fail to rebutle this situation..

Petitioner Salomon did not agree with counsel in several things and ask him to object to everything, but counsel keep saying there was nothing to object. and did not help petitioner in the process of her case.

The Due process Clause requires that the defendant's reasonable expectation of the benefit be respected, inasmuch as it precludes enforcement of an unconcionable contract absent proof fo the defendant's fully informed consent to its risks, the majority concluded.

Petitioner never was fully informed of risks nor di whe willingly or knowingly give consent to said risks. In Randolph the defendnat was not "informed as to the illusroy nature of the government's promise and therefore, he did not enter into the agreement knwingly or voluntarily, the majority decided It held therefore, the prosectuion was entirely barred by the Plea agreement.
Petitioner never had the effective assistance of counsel that would help petitioner in the process of her case, and all this deprived petitioner of her constitutional rights.  "It is client's right to expect that his lawyer will use every skill, expend every energy, and tap every legitimate resource in the exercise of independent professional judgement on behalf of the client and in undertaking representation of the client's interest  Frazer v United States 18 f 3d 778, 785 (9th Cir 1994)

Defenes counsel must do his uptmost to bring his legal acumen to bear on behalf of the defendant Keep the defendant fully informed of developments in the case and consult with the defendant on all major decisions to be made... and at the bottom, serve as a vigorous and devoted advocate of the defendant's cause. " United STates Ex. Rel Partee v Lane 926 F. 694 702 (7th cir 1991).

As this court knows, plea agreements are treated as contracts, and are to be construed accordingly.  See United States v Thompson, 403 F.3d 1037 (8th Cir 2005) "A sentence imposed pursuant to a plea agreement must follow the reasonable understanding adn expectations of the defendant with

to the bargained for sentence." <u>United States v Palladino</u> 347 F.3d 29,33 (2nd Cir 2003) (internal quotation marks omitted) "Because the Government ordinarily has certain awesome advantages in bargaining power any ambiguities in the agreement must be resolved in favor of the defendant".

The Sixth Amendment to the United States Constitution insures effective assistance of legal representation to all criminal defendants, "The right to competent counsel msut be assusred every man accused of crime in Federal court" State of Union Address, John F Kenedy, January 14, 1964 U.S. Code Cong, and Admin News, 2990. An abridgement of this core constitutional right meets the "error of constitutional magnitude outlined in

From beginning to end there was a conflict of interest on petitioners case counsel never explain to petitioner the plea agreement the quantity of the drugs, the process of her case, and counsel was so ineffective that never file petitioner appeal, and again all this deprived petitioner of her <u>Constitutional Rights.</u>

After her sentence petitioner request counsel to file her appeal but counsel was so ineffective that he never did, the only reason counsel gave to petitioner is that there was nothing to appeal.

### FAILED TO FILE NOTICE OF APPEAL

<u>U.S v PEAK,</u> 992 F.2d 39 (4rh Cir 1992) Trial counsel'f failure to file a notice of appeal when requested by defendant constitutes ineffective assistance of counsel and required the district court to grant the writ moulded so as to allow Peak to take a direct appeal.

<u>U.S. v RUTH</u>  768 F.Supp 1428 (D.Kan 1991) Trial Counsel's failure to file a timely notice of appeal in this quilty plea case was ineffective assistnace of counsel.

<u>U.S. v STEARNS</u>, 68 F.3d 328 (9th Cir 1995)

Defense counsel's failure to file a Notice of Appeal in this quilty plea case was ineffective assistance of counsel

**U.S. v NAGIB**   56 F.3d 798 (7th Cir 1995 )

Defense counsel's failure to file notice of appeal at defendant's request constituted ineffective assistance of counsel and warranted granting defendant out of time appeal.

**U.S v SANDOVAL LOPEZ**   409 F.3d (9th Cir 2005)

Counsel's refusal to comply with defendant's specific instructions to file a notice of appeal constitutes ineffective assistance of counsel even if appeal would be contrary to plea agreement and would likely have no merit prejudice to defendant is **LOST CHANCE TO APPEAL**   regardless of what results of appeal would be.

   Pro Se habeas petitioners cannot be held to same pleading standards as petitioner represented by counsel.

   If a defendant even one who has expressly waived his right to appeal files a habeas petition after sentencing adn judgement claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen.  The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is vacate and reenter the judgement allowing the appeal to proceed Or, if the state does not object, the district court can vacate and reenter the judgement without a hearing adn allwo the appeal to proceed, assuming without deciding that the petitioner's claim is true.  Petitioner pray that this Honorable court Grant a re-hearing and allow petitioner the opportunity to be heard.

5 F.2d 461 (CA11th Cir., (1984): holding that"... while the statutory definition of the offense makes all possession unlawful, it provides for gradation of punishment according to [particular elements such as value weight, type , etc ]. The **ALVAREZ , court** held further that" the penalty provisions fo the statute makes the [other factors, such as weight or type[ an element of the offense' and ' in the absence of an allegation of the [ohter factors[ the indictment support only a sentence for the lessor offense enumerated in the statute "applying this to the drug offenses, the Court held that "Since the quantity[or type] of the substance constitutes a critical element of the offense... and no quantity was specifically alleged... the enhanced sentences are invalid . (See also **CARLES-JONES v U.S.** (CA 10, June 2000) 120 S Ct. 2739.) to overrule case law interpretation of existing law is unconstitutional . (See also **U.S. v DENINO** 29 F.3d 572, 580 (CA 1994), **U.S.v DENINO, 29 F.3d 572, 580**

Support for and clafification of the due process requirement that the jury find this amount factor can be found in **U.S. v AGUAYO DELGADO ,** supra where the Court held" ... if the Government wishes to seek penalties in excess of those applicable by virtue of the elements of the offense alone, than the government must charge the facts [as to the amount, type purity[ giving rise to the increased sentence.... and msut prove those facts beyond a reasoanble doubt. To allow otherwise would be an' unacceptable' departure from the ... tradition that is an indispensable part of our criminal justice system " Citing to **APPRENDI and to CARLESS JONES SUPRA.**

valid "quilty " verdict or plea implies the presence of the drugs in some amount, but no more than minimal and does not establish any amount above the minimum required for validating the conviction and sentencing under the lowest (statutory or Guideline ) range without a specific  amount, purity, or type the level would be at the lowest level at which the drug is mentioned in SEction 2D1.1.(c) which under the Guidelines carries a significantly lower sentence level than the Level used by the Court in this Case.

The Sentencing Guidelines proved for a significantly increased range of incarceration depending upon the actual amount, type and purity, The Movant was neither charged with nor convicted of 841 (b)(1) the section under which she was sentenced as opposed to a twenty year maximum with no minimum at the lowest range in Section 841 (b)(1).

To reach this higher statutory range of penalty, it must first be established by the Government what the amount, purity and type were, and taht they were in fact those required for the statutory sentencing level t to be applied.  Absent specific and knowing admission by the movant, the burden was on the Government to charge the 841 (b)(1) penalty sections, an then to establish (and for the jury to find) the elements necessary to support the charge and sentencing level.  However, under post-Guideline.

Standards and accepted practice the movant's counsel was powerless to challenge this discrepancy and lack of proof--- resigned to the fact that the Court make these findings after conviction.  Under the (hinsight) application of **APPRENID**  this was a violation of the movant's constitution rights.  See **U.S. v ROGERS No.**  99-15150. supra),

The view that type and amount are elements of the crime to be found by the jury and /or on the "reasonable doubt" standard has been the prevailing view of the law since well before the Guidelines. See **U.S. v ALVAREZ.**

The principle that the right to counsel is the right to the effective assistance of counsel was reaffirmed and explicated in United States v Cronic (1984) 455 US 648, 80 L Ed 2d 657, 104 S Ct 2039 . The text og the Sixth Amendment itself suggested such a rule, the Supreme Court stated noting that the Amendment requires not merely the provision of counsel to an accused , but "assistance " which is to be "for his defense" thus, the core purpose of the counsel guaranty is to assure "assistance which is to be " for his defense" thus, the core purpose of the counsel guaranty is to assure "assistance " at trial when the accused is confronted with both the intricacies of the law and the advocacy of the public prosecutor , and the constitutional guaranty is violated if no actual assistance is provided . to hold otherwise, the Supreme Court found, could convert the appointment of counsel into a sham and nothing more than formal compliance with the requirements of the Constitution.

**STRICKLAND v WASHINGTON 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052**

also held tht the right to counsel, as guaranteed by the sixth Amendment is the right to the effective assistance of counsel and that counse can deprive a defendant of that right simply by failing to render adequate legal assistance.

**McMANN v RICHARDSON (1970) 397US 759, 25 L Ed 2d 763 90 S Ct**

restated the principle that all defendants facing felony charges are entitled to the effective assistance of competent counsel.

**IN KIMMELMAN v MORRISON (1986) US 91 L Ed 2d 305, 106 S Ct 2574**

The Supreme Court held that the Sixth Amendment guaranty of counsel cannot be satisfied by mere formal appointment and that an accused is entitled to the assistance by an attorney, whether retained or appointed who plays the role necessary to insure that the tiral is fair in other

applicable to cases on collateral review. In the event that this court does not agree, Petitioner ask that the court deny this application without prejudice. Petitioner has filed the application at this time out of an abundance of caution in case this court of the Supreme Court later findigns.

To permit Petitioner to proceed to the district court with a second or sucessive motion under 28 U.S.C 2255., this court does not need to find that Petitioner would necessarily suceed in Petitioners legal argument in the dictrict court. Title 28 U.S.C. 2244 (b)(3)(C) only requires that the court of appeals conclude that the application makes a prima facie showing that the application could succeed. See Tyler, 533 U.S. at 661 n. 3 It is then up to the district court to determine whether to grant relief.

Petitioner feels that not knowing the law of the United States she was deprived of her Constitutional rights, . The Federal Constitution provides those "accused" in federal courts with specific rights , such as the right to "be informed of the nature adn cause of the accusation" the right to be "held to answer for a captial or otherwise infamous crime only on an indictment or presentment of a grand jury, and the right to be tried by "an impartila jury of the State and district wherein the crime shall have been committed." Amdts. 5 and disputes that due process requires that every fact necessary to constitute a crime must be found beyond a reasonable doubt by a jury if that right is not waived . See In re Winship, 397 US 358, 364, 25 L Ed 2d 368, 90 S Ct 1068 (1970) As with Apprendi, this case thus turns on the seemingly simple question of what constitutes a " crime"

## ARBGUMENTS OF LAW

I.    CAUSE AND PREJUDICE

Habeas corpus relief will be sustanined if a petitioner alleges and proves one of three bases as a threshold standand .  These bases are:

(1)   An error of constitutional magnitude questioning the legality of the detention.

(2)   A sentence imposed outside the staturoy limits

(3)   An error of fact or law which was so fundamental nature as to render the entire proceedings invalid.

See, United States v Addonizio,  442 U.S. 178 (1979)

In the instant matter, errors of consitutional magnitude occurred wich included those of such a fundamental nature that the entire proceedings lacked the minimally requisite due process integrity established in the The Federal Judiciary.  As indicated below, sufficient facts are present and can be shown in an evidentiary hearing to reflect that this standard was not met.

Petitioner seeks to vacate and set aside her sentence due to errors of constitutional magnitude occurring at her sentencing and as part of her right to appellate review.  These errors wre the causative result of acute violations of the Petitioner's  Fifth Amendment rights as well as Petitioner's  denial of effective assistnace of counsel in violation of the Sixth Amendment to the U.S. Constitution.  But for these abridgments, Petitioner would not have suffered the detriment of these errors and more likely than not would have been acquitted of much of the charged conduct .

The principle that the right to counsel is the right to the effective assistance of counsel was reaffirmed and explicated in United States v Cronic (1984) 455 US 648, 80 L Ed 2d 657, 104 S Ct 2039 . The text og the Sixth Amendment itself suggested such a rule, the Supreme Court stated noting that the Amendment requires not merely the provision of counsel to an accused , but "assistance " which is to be "for his defense" thus, the core purpose of the counsel guaranty is to assure "assistance which is to be " for his defense" thus, the core purpose of the counsel guaranty is to assure "assistance " at trial when the accused is confronted with both the intricacies of the law and the advocacy of the public prosecutor , and the constitutional guaranty is violated if no actual assistance is provided . to hold otherwise, the Supreme Court found, could convert the appointment of counsel into a sham and nothing more than formal compliance with the requirements of the Constitution.

**STRICKLAND v WASHINGTON 466 US 668, 80 L Ed 2d 674, 104 S Ct 2052**

also held tht the right to counsel, as guaranteed by the sixth Amendment is the right to the effective assistance of counsel and that counse can deprive a defendant of that right simply by failing to render adequate legal assistance.

**McMANN v RICHARDSON (1970) 397US 759, 25 L Ed 2d 763 90 S Ct**

restated the principle that all defendants facing felony charges are entitled to the effective assistance of competent counsel.

**IN KIMMELMAN v MORRISON (1986) US 91 L Ed 2d 305, 106 S Ct 2574**

The Supreme Court held that the Sixth Amendment guaranty of counsel cannot be satisfied by mere formal appointment and that an accused is entitled to the assistance by an attorney, whether retained or appointed who plays the role necessary to insure that the tiral is fair in other

Petitioner feels that not knowing the law of the United States and not knowing the language deprived petitioner of all her constitutional rights do to the fact that counsel was so ineffective that never help petitioner in the process of her case, counsel never explain petitioner the plea agreement , counsel never explain to petitioner the presentence report, counsel, never explain to petitioner the process of her case, counsel never advise petitioner that by signing the plea agreement she was waiving all her constitutional rights.

As seen of <u>Hernandez -Hernandez U.S. 904 F.2d 758 (1st Cir 1990)</u> Trial counsel's indictment of a guilty plea by a specific sentence which the petitioner did not receive, constitutes ineffective assistance of counsel.

Petitioner moves this court to grant this 2255 petition and, if necessary, an evidentiary hearing on the basis that her Sixth Amendment right to counsel has been violated. Petitioner requests that the court accept this petition and grant her an evidentiary hearign on the factual issues raised in her motion. In the event that an evidentiary hearing is deemed unnecessary by the court, Petitioner based upon the law and evidence presented in her 2255 requests that her guilty plea be set aside.

Petitioner feels that due to her inability to read, write, and speak English and her lack of understandign of the U.S. Criminal System Petitioner is with a limited education . She was represented by a counsel that did not help her in the process of her case.

The benchmark for judging a cliam of ineffective assistance of counsel is whether counsel's conduct undermined the proper functioning of the adversarial process. <u>Strickland v Washington</u> 466 US 668, 687-696 (1984) <u>Strickland</u> requires that the defendant demonstrate that

counsel's performance was not only deficient but also prejudicial to the defense.

Petitioner's counsel's failure to advise her of the sentence for each criminal accusation against her, as well as the mandatory sentence, is ineffective assistance of counsel whether the court advised the defendant is immaterial as it is the advice of the attorney to the defendant which is considered in determining whether defendant received effective assistance U.S v MARTINI 31 F.3d 781 (9th Cir 1994).

Petitioner is without knowledge of the criminal system, no understanding of English no advice from counsel regarding the government's evidence to be used against her, no discussion of her defenses, or the sentence that she would be subject to petitioner could not have made a voluntary, knowing adn intelligent guilty plea.

There is a reasonable probability that but for the various multiple failures of Counsel petitioner would have not sign the plea agreement.

Petitioner feels that all her constitutional rights were violated by not having the effective assistance of counsel that would help petitioner in the process of her case.

For all these reasons petitioner pray that this Honorable court accept this motion and give me the opportunity to be heard, and allow the truth to comeforward.

due process to use the lesser "preponderance" standard when an enhancement based upon uncharged conduct has an extremely disproportionate effect on length of sentence... [and in doing so, have] considered the disparity between the sentence that would have been imposed under the initial sentencing guideline range and the sentence actually imposed...."

The **VALESIA** court set forth the following factors to be used in determining whether the factors have a disproportionate impact on the sentence.

1. Does the enhanced sentence fall within the maximum sentence alleged in the Indictment.

2. Does the enhanced sentence negate the presumption of innocence or the prosecutor's burden of proof for the crime alleged in the Indictment?.

3. Do the facts offered in support of the enhancement create new offenses requireing separate punishment?

4. Is the increase in the number of offense levels less than or equal to four?

5. Is the increase in sentence based upon the extent of the conspiracy?

6. Is the length of the enahcned sentence more than double the length of the sentence authorized by the initial sentencing guideline range in a case where the defendant would otherwise have received a relatively short sentence?

On petitioner's case she was enhanced at sentencing , by the application of facts/amounts established by the judge on a "preponderance" (or unspecified standard) and enhancements which increased the guideline range from the lowest base level of 841 (b)(1)(C) to lowest of the level.

Page 13

Therefore, movant asks that the Court grant the relief to which he or she may be entitled.

*/s/ America Salomon Perez*

~~Signature of Attorney (if any)~~

AMERICA SALOMON PEREZ

---

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

*/s/ America Salomon Perez*

Signature of Movant (<u>required</u>)

AMERICA SALOMON PEREZ

\* \* \* \* \*

Model Form for Use in 28 U.S.C. § 2255 Cases

Involving a Rule 9 Issue (Abrogated)

[The advisory committee is developing a new form that makes extensive revisions to the existing form.]

**For** all this reasons petitioner pray this Honorable Court to accept this motion and give petitioner the opportunity to be heard and allow the truth to comeforward

Respectfully Submitted on this _____ day of _____, 2006

*America Salomon Perez*
America Salomon Perez # 92196-022
Federal Correctional Institution
5701 8th St Camp Parks
Dublin, Ca. 94568

### CERTIFICATE OF SERVICE

This is to certified that I America Salomon Perez deposit this 2255 Motion on a Federal Correctional Institution in the City of Dublin on this _____ day of _____, 2006

*America Salomon Perez*
America Salomon Perez #92196-022
Federal Correctional Institution
5701 8th ST Camp Parks
Dublin, Ca. 94568