EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

MARK A. INCIONG   163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 06-00527 JMS/BMK |
| | ) | CR. NO. 05-00220 JMS |
| Plaintiff-Respondent, | ) | |
| | ) | GOVERNMENT'S MEMORANDUM |
| vs. | ) | OPPOSING DEFENDANT'S |
| | ) | PETITION TO VACATE SENTENCE |
| AMERICA SALOMON PEREZ, | ) | AND FOR AN EVIDENTIARY HEARING |
| | ) | PURSUANT TO 28 U.S.C. § 2255 |
| Defendant-Petitioner. | ) | |
| _____ | ) | |

GOVERNMENT'S MEMORANDUM OPPOSING DEFENDANT'S
PETITION TO VACATE, SET ASIDE OR CORRECT
SENTENCE AND FOR AN EVIDENTIARY HEARING
PURSUANT TO 28 U.S.C. § 2255

COMES NOW the United States of America, by and through

Edward H. Kubo, Jr., United  States Attorney, and Mark A.

Inciong, Assistant United States Attorney, and hereby files its

responses to Petitioner's request for an evidentiary hearing

pursuant to 28 U.S.C. § 2255.  Said response is based upon the

files and records of this case, together with the attached

statement of facts and memorandum of points and authorities.

I

**STATEMENT OF FACTS**

On August 18, 2005, Petitioner, America Salomon Perez, pled guilty to Conspiracy to Distribute and Possess, with Intent to Distribute, 100 grams or more of Heroin, in violation of Title 21, United States Code, §§846 and 841(a)(1) pursuant to a written plea agreement. (See Exhibit A attached.)  That same day, United States Magistrate Judge Leslie E. Kobayashi issued a report finding Petitioner's guilty plea to be intelligent, knowing and voluntary and that Petitioner similarly waived her right to appeal and collaterally attack her sentence except as provided in the plea agreement.  Accordingly, Magistrate Judge Kobayashi recommended that Petitioner's guilty plea be accepted.  (See Exhibit B attached.)

On May 8, 2006, this Court sentenced Petitioner to 36 months in custody for her crime. (See Judgment In a Criminal Case attached as Exhibit C.)  Prior to sentencing, the United States had recommended, and the Court granted, a downward departure pursuant to United States Sentencing Guidelines Section 5K1.1. The United States, accordingly, requested a sentence of 37 months, the low end of the guideline range for an adjusted offense level of 21 coupled with Petitioner's criminal history category of I.   Based on the sentence pronounced, Petitioner waived any appeal or collateral attack pursuant to the plea agreement.  (See Exhibit A at pages 8-9.)  On May 15, 2006, this Court filed its Judgment In a Criminal Case.  (See Exhibit B.)

On September 27, 2005, Petitioner filed a motion pursuant to 28 U.S.C. § 2255.  In her motion, Petitioner at one point offers a laundry list of issues.  However, in her memorandum, the only basis upon which Petitioner provides argument is in regard to her allegation of ineffective assistance of counsel.   Furthermore, it is unclear what specific relief Petitioner is requesting.

Therefore, the United States will Petitioner's request to vacate her sentence based upon ineffective assistance of counsel.  Petitioner admits in her petition that she has never appealed her sentence or case.

I

**ARGUMENT**

**A.  THE MOTION IS BARRED BY PETITIONER'S FAILURE TO APPEAL**

If the United States has misconstrued the basis of Petitioner's § 2255 motion and she is, instead, arguing nonconstitutional sentencing errors, those claims are barred.  In United States v. Schlesinger, 49 F.3d 483 (1995), the Ninth Circuit held that a 28 U.S.C. § 2255 motion arguing nonconstitutional sentencing error is barred by a movant's failure to appeal:

> The government argues that allegations of [nonconstitutional] sentencing errors, when not directly appealed, are not generally reviewable by means of a § 2255 petition . . . . We agree.
> Two circuits have held that claims . . . are simply not cognizable on § 2255 review because they have not been raised on direct appeal . . . .[Cites omitted.] . . .
> Since a time prior to the Sentencing Guidelines, this court has held that the failure to raise sentencing issues may preclude the petitioner from asserting those issues by way of § 2255 petition.

3

[Cites omitted] . . .

We therefore conclude that this court follows the
rule that nonconstitutional sentencing errors that have
not been raised on direct appeal have been waived and
generally may not be reviewed by way of 28 U.S.C. §
2255.

Id. at 484-87; see e.g., United States v. McMullen 98 F.3d 1155,

1157 (9th Cir. 1996) ("We have consistently held that a § 2255

petitioner cannot challenge nonconstitutional sentencing errors

if such errors were not challenged in an earlier proceeding.

[Cites omitted.]")

B.    **THE MOTION IS BARRED BY THE PLEA AGREEMENT**

Generally, a motion pursuant to 28 U.S.C. § 2255 is barred

by a waiver of appeal and collateral attack.  United States v.

Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S.

979 (1993); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir.

1999) ("[W]aivers are enforceable as a general rule; the right to

mount a collateral attack pursuant to § 2255 survives only with

respect to those discrete claims which relate directly to the

negotiation of the waiver.") (synthesizing Abarca and other

cases).

Petitioner pled guilty and was sentenced pursuant to an

agreement, under which he waived his right to appeal and

collateral attack.  Thus, her motion must be denied.

C.    **PETITIONER'S COUNSEL WAS NOT INEFFECTIVE.**

In order to prevail on an ineffective assistance of

counsel claim, a defendant must show deficient performance by

counsel and prejudice to the defense.  Strickland v. Washington,

4

466 U.S. 668, 687 (1984); <u>United States v. Swanson</u>, 943 F.2d 1070, 1073 (9th Cir.1991).    A section 2255 petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable assistance." <u>United States v. Strickland</u>, 466 U.S. 668, 689 (1984).

Petitioner claims that his counsel did not adequately represent her at the change of plea or sentencing hearings. This argument fails for a number of reasons.    Petitioner received a very favorable sentence in this case after being caught red-handed body carrying heroin into the District of Hawaii.    Not only was she awarded a 2-level downward departure as a minor role player, but because of that minor role, her base offense level was capped at level 30.    Additionally, she was awarded an additional 2-level downward adjustment for safety valve along with another 3-level downward adjustment for acceptance of responsibility.    Finally, she was awarded a 2-level downward departure for substantial assistance.    The Court then sentenced Petitioner one month below the low end of the corresponding guideline range.

Petitioner also complains that her sentence was disproportionate from co-defendant Perez-Medina, but fails to take into account the wide disparity in substantial assistance provided by Perez-Medina compared to the relatively minimal assistance provided by Petitioner.

**D.    PETITIONER'S GUILTY PLEA WAS KNOWING, INTELLIGENT AND VOLUNTARY.**

Petition now claims for the first time that she was forced or coerced to enter a guilty plea.   As evidence by Exhibit B, Magistrate Judge Kobayashi found Petitioner's plea to be knowing, intelligent and voluntary.

**III.**

**CONCLUSION**

The United States submits that Defendant's motion should be denied.

Dated: Honolulu, Hawaii, November 9, 2006.


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Mark A. Inciong
   MARK A. INCIONG
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was duly mailed, first class, postage prepaid, to the following:

AMERICA SALOMON PEREZ
Reg. No. 92196-022
Federal Correctional Institution
Dublin
5701 8th Street Camp Parks
Dublin, California 94568

Pro Se

DATED: November 9, 2006, at Honolulu, Hawaii.


/s/ M. Derby-Taufa'asau