IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMERICAN SALOMON PEREZ, ) | CIV. NO. 06-00527 JMS/BMK |
| ) | CR. NO. 05-00220 JMS |
| Petitioner, ) | |
| ) | ORDER REQUIRING UNITED |
| vs. ) | STATES' POSITION RE: § 2255 |
| ) | MOTION |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

ORDER REQUIRING UNITED STATES' POSITION RE: § 2255 MOTION

On September 27, 2006, pro se petitioner America Salomon Perez ("Perez") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On November 9, 2006, the United States filed a memorandum in opposition. The court now seeks clarification from the United States as to one particular point raised by Perez.[1]

---

[1] The court notes that the government's opposition as to *all* issues raised by Perez is bare-bones and offers little assistance to the court. At a minimum, where a defendant claims ineffective assistance of counsel alleging that she did not understand the consequences of the plea, a transcript of the change of plea proceeding should be produced. Where a defendant alleges ineffective assistance of counsel in sentencing, a transcript of the sentencing hearing should be produced. Because the government has failed to take these rudimentary steps to support its opposition, the court has requested the transcripts. In the future, more is expected of the government.

In her motion, Perez alleges that she requested that her attorney file a notice of appeal, but counsel refused. For instance, she states that, "petitioner requested counsel to file her appeal but counsel was so ineffective that he never did and once again this deprived petitioner of her constitutional rights." The United States, in its November 9, 2006 opposition, did not address this allegation.

The Ninth Circuit addressed this very situation in *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005). Sandoval-Lopez, like Perez, entered into a plea agreement largely waiving his right to appeal. In a subsequent § 2255 motion, Sandoval-Lopez claimed that despite a request, his counsel failed to file a notice of appeal. Although recognizing the rule it announced "contrary to common sense," the court held that the failure to file the appeal, even in the face of an appeal waiver, was ineffective assistance of counsel:

> If, as Sandoval-Lopez claims, it is true that he explicitly told his lawyer to appeal his case and his lawyer refused, then we are required by *Flores-Ortega*[2] to conclude that it was deficient performance not to appeal and that Sandoval-Lopez was prejudiced. The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.

*Id.* at 1197.

---

[2] *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

*Sandoval-Lopez* further explained two options available in such a situation:

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

*Id.* at 1198.

Thus, the court directs the United States, by November 24, 2006, to inform the court if it seeks an evidentiary hearing or if it elects not to oppose the motion to permit an appeal. If the United States fails to respond by November 24, 2006, the court will assume that the United States has elected not to oppose the

///

///

///

///

///

motion as to this limited issue, and the court will vacate and reenter judgment, thus allowing Perez to file a timely notice of appeal.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, November 16, 2006.



                               J. Michael Seabright
                               United States District Judge

*Perez v. United States*; Civil No. 06-00527 JMS/BMK; Order Requiring United States' Position Re: § 2255 Motion